THE STATE, EX REL. REBEL, *v.* WHITE, DIR., DEPT. OF PUBLIC
WELFARE.
THE STATE, EX REL. McGLOTHLIN, *v.* WHITE, DIR., DEPT.
OF PUBLIC WELFARE.

[Cite as State, ex rel. Rebel, v. White (1971),
26 Ohio St. 2d 207.]

(Nos. 70-309 and 70-328—Decided June 23, 1971.)

208

*Messrs. Thompson, Swope & Burns* and *Mr. Richard F. Swope,* for relators.

*Mr. William J. Brown,* attorney general, and *Miss Winifred A. Dunton,* for respondent.

*Per Curiam.* The writs of mandamus are denied. Relators have not clearly shown any clear obligation imposed by law on respondent to cause the payments sought by these actions.

The Department of Public Welfare is authorized by R. C. 5101.51 to provide medical assistance to recipients of aid *"as long as federal funds are provided for such assistance."* R. C. 5101.51 also provides that any program for such assistance must conform to requirements of the Social Security Act.

Federal matching funds are specifically denied any state for payments to any nursing home for services provided during any time it is not licensed as a nursing home.

In the cases of relators, the Director of Public Welfare was forbidden to pay them from federal funds while their licenses to operate nursing homes were suspended or before they qualified under proper standards for vendor payments. In the absence of federal matching funds, no state funds were available for the vendor-payment program. Thus, there was no fund from which respondent could make the payments sought.

Additionally, the agreement each relator signed as requisite to receiving vendor payments from the Department of Public Welfare conditioned vendor payment on there being no action pending to deny or revoke relator's nursing home license and that the home be licensed as a skilled nursing home. Since these terms of the agreement were not met during the times for which relators seek payment, their actions fail.

*Writs denied.*

O'Neill, C. J., Schneider, Herbert, Duncan, Corrigan, Stern and Leach, JJ., concur.